The Honorable Jim Lendall State Representative P O Box 55555 Little Rock, AR 72225
Dear Representative Lendall:
This is in response to your request for an opinion on the following questions:
1. What is the deadline for new political parties to qualify for the November 1990 and 1992 General Elections?
2. What processes are available for new political parties specifically, to nominate candidates?
3. Can third (or new) political parties nominate candidates by convention [See Ark. Statutes Annotated7-7-401(d)]? If so, what is the legal procedure to do so?
In response to your first question, the deadline for 1990 was 12:00 noon on January 2, 1990, in accordance with A.C.A.7-7-203(g) (Supp. 1989), which states in pertinent part:
 The petitions shall be filed with the Secretary of State no later than 12:00 noon on the first Tuesday in the fourth calendar month before the preferential primary election.
The deadline for 1992 is, in my opinion, less clear. A deadline for political parties for purposes of a preferential presidential primary election was established in Act 123 of 1987. Section 1 of Act 123 set a deadline of "not later than twelve o'clock (12:00) noon on the second Tuesday in November in the year preceding the preferential presidential primary election for the general election in which the political party filing such petition desires to participate." Act 123 of 1987 also amended other election laws to exempt preferential presidential primary elections from those other provisions setting deadlines for filing petitions with the Secretary of State to form a political party. See Act 1987, No. 123, 12-14.
Significant for purposes of your first question is the fact that Section 1 of Act 123 of 1987 (with regard to the political party deadline for a preferential presidential primary) has been repealed. See Act 700 of 1989, Section 1. However, the other sections of Act 123 of 1987, wherein the exception for preferential presidential primaries appears, were not repealed by Act 700 of 1989. The exception language is codified at A.C.A.7-1-101(1)(b) (Supp. 1989) and 7-7-203(c) and (g). Upon initial review, one might conclude that no provision has been made, following the repeal of Section 1 of Act 123 of 1987 by Act 700 of 1989, for a political party deadline in a preferential presidential election year, such as 1992.
In an effort to fill this void, it may be contended that the language of Sections 7-1-101(1)(B) and 7-7-203(c) and (g) with regard to an exception for preferential presidential primaries has been impliedly repealed. The deadline under 7-7-203(g) (Supp. 1989), supra, would apply in 1992, following that construction, having been enacted under Act 248 of 1987.1
The language of Section 7-1-101(1)(B) (Supp. 1987) might, however, form the basis for an alternative argument wherein it states:
 "Except in preferential presidential primary elections, the petition shall be filed with the Secretary of State not later than 12:00 noon of the first Tuesday in May before the preferential primary election for the general election. . . ." This language could, conceivably, be construed as setting the deadline in preferential presidential primaries, rather than excepting such primaries from the stated deadline.
The first argument, in favor of the applicability of the deadline under 7-7-203(g) (Supp. 1989) in 1992, is more tenable, in my opinion, following a review of the legislative history of the pertinent acts. The resolution of this issue will, however, remain unclear in the absence of legislative clarification of judicial guidance. Further legislation in this area between now and the 1992 elections could resolve the matter.
With regard to your second question, all processes available to political parties under current law are available to qualifying new political parties. This includes those procedures pertaining to the primary election process. See A.C.A. 7-7-101 et seq.; A.C.A. 7-7-201 et seq. As a general matter, nominees of any political party for U.S. Senate, U.S. House of Representatives, state, district or county office to be voted on at general election are selected at a primary election. Arkansas Code Annotated 7-7-102(a) states that nominees to these offices". . . shall be certified as having received a majority of the votes cast for the office, or as an unopposed candidate, at a primary election held by the political party in the manner provided by law." (Emphasis added). And, in accordance with A.C.A. 7-7-102(b), nominees for township or municipal office" . . . shall be declared by certification of a primary election as provided in [7-7-102(a)]."
Arkansas Code Annotated 7-7-104 must be considered with regard to the processes available in connection with a "vacancy in nomination." This term is defined under A.C.A. 7-7-101(4) (Supp. 1989) as follows:
 `Vacancy in nomination' means the circumstances in which the nominee of a political party selected at a primary election shall not be certified as the nominee due to death, resignation, withdrawal, or other good and legal cause arising subsequent to nomination and preceding the final date for certification of nominations.
Nominees of a political party to fill such vacancies shall be declared by:
 1. Certificate of the chairman and secretary of any convention of delegates; or
 2. A special primary election called, held, and conducted in accordance with the rules of the party; or
 2. Petitions of not less than fifty (50) or more than one thousand (1,000) electors from the state, or district or county in which the vacancy in nomination exists.
A.C.A. 7-7-104(a).
A "vacancy in nomination" also exists where there is a tie vote for the same office at a general primary election. A.C.A.7-7-104(b).
With regard to presidential or vice-presidential candidates, reference must be made to A.C.A. 7-8-201 to -204 which sets forth the process for each party's selection of delegates to attend a quadrennial national nominating convention to select a presidential nominee. A presidential primary election is held, and the delegates to the national convention are apportioned ". . . in the proportion that the votes cast for each candidate [whose name was on the ballot at the preferential presidential primary] . . . bear to the total votes cast at the election, rounded to the closed(sic) whole number." A.C.A. 7-8-201.
In response to your third question, as noted above, nominees of a political party to fill a vacancy in nomination may be declared by the certificate of the chairman and secretary of any convention of delegates. As also previously noted, however, nominees for U.S. Senate or House of Representatives, state, district, county, townships, and municipal office are to be selected at a primary election. See A.C.A. 7-7-102. There appears to be no authorized procedure for nominating these candidates by convention. The language in A.C.A. 7-7-401(d) with regard to nominees chosen by a "convention of delegates, while not altogether clear, may have reference to the process, noted above, under A.C.A. 7-8-201 to -204 involving the selection of delegates to attend a national nominating convention to select a nominee for the office of President.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth a Walker.